IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER PIERCE,

    Petitioner,

    v.                                                    CASE NO. 20-3227-SAC

SAM CLINE,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Plaintiff is incarcerated at the El Dorado Correctional Facility-Central in El Dorado, Kansas.

**Nature of the Petition**

Petitioner challenges his 1993 conviction for aggravated robbery and kidnapping. The form pleading he submits is left almost entirely blank. The sole ground for relief appears as Ground Four and reads "ABUSE OF AUTHORITY." (Doc. 1, at 9.) Attachments to the petition allege that the denial of his parole was a continuing abuse of authority "because an officer was making death threats—threats to kill me—which in accordance to the Kansas self defense law I have a right to defend myself." *Id*. at 15. Petitioner's attachments also show that Petitioner filed an original habeas corpus action in the Kansas Supreme Court on February 13, 2020.[1] *Id*. at 16.

**Discussion**

This subsequent habeas petition challenging the same convictions is second or successive.[2] A prisoner may not file a second or successive action under § 2254 without first

---

[1] A review of online records maintained for the Kansas appellate courts shows that the petition was denied on May 21, 2020. *See Pierce v. Cline*, Case No. 122495 (Kansas Supreme Court).

[2] *See Pierce v. Nelson*, 16 F. App'x 979 (10th Cir. 2001) (affirming denial of consolidated habeas corpus actions); *Pierce v. Waddington*, 2015 WL 3401069 (10th Cir. May 27, 2016) ("Because the habeas applications Mr. Pierce filed in 2000 were adjudicated on their merits, the recent application he presented to the district court claiming actual innocence was second or successive, and he was required to obtain this court's authorization to file it.").

obtaining authorization from the circuit court of appeals allowing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the Court does not have jurisdiction to address the merits of Petitioner's current § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

When a district court receives a successive petition without the necessary authorization, the court may either dismiss it for lack of jurisdiction or transfer it to the circuit court in the interest of justice. *Id*. at 1252. Factors the Court considers in deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

The Court finds that it is not in the interest of justice to transfer this case to the U.S. Court of Appeals for the Tenth Circuit.[3] Petitioner's claim appears to be a vaguely-worded claim of innocence based on self-defense. Even if the petition were construed as attacking execution of his sentence under 28 U.S.C. § 2241, the claim lacks merit. *See Pierce v. Roberts*, 2007 WL 101789, at *1 (D. Kan. Jan. 9, 2007) (finding that "[t]he claim he raised in the instant petition is typical of his prior repetitive, frivolous petitions in that it does not include supporting facts or documentation, and attached exhibits do not substantiate his claim.").

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may

---

[3] *See Pierce v. Rohlings*, 2007 WL 3172129, at * (D. Kan. Oct. 29, 2007) ("Mr. Pierce has been repeatedly informed he may not proceed in this court on a successive 2254 petition without prior approval from the Tenth Circuit Court of Appeals. In addition, Mr. Pierce has been barred by the Tenth Circuit from further challenges to his 1993 Kansas convictions without submitting a payment of $250 to the clerk of the court.); *Pierce v. Roberts*, 2006 WL 626259, at *2 (W.D. Okla. March 10, 2006) (finding that "transferring this Petition to the District of Kansas would be futile in view of the Tenth Circuit's filing restrictions imposed on Petitioner's repeated attempts to file successive habeas petitions challenging the Kansas conviction.") (citing *Pierce v. Stovall*, Case No. 01-3113 (10th Cir. June 7, 2001) (unpublished)); *see also Pierce v. Roberts*, No. 04-3386 (10th Cir. Oct. 19, 2004) (unpublished).

issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id*. at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied** for lack of jurisdiction.

**IT IS FURTHER ORDERED THAT** no Certificate of Appealability will issue.

**IT IS SO ORDERED**.

**Dated November 3, 2020, in Topeka, Kansas.**

s/ Sam A. Crow
Sam A. Crow
U.S. Senior District Judge